**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2026



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILSON RODRIGO MOPOSITA-LAMINIA; et al., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-2847 <br><br> Agency Nos. <br> A220-568-773 <br> A220-568-774 <br> A220-568-775 <br> A220-568-776 <br> A220-568-777 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2026[**]

Before:    SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Wilson Rodrigo Moposita-Laminia and his family, natives and citizens of

Ecuador, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's ("IJ") decision denying

their applications for asylum, and Moposita-Laminia's applications for withholding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to show they suffered harm that rose to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner's past experiences, including two beatings, even considered cumulatively, do not compel a finding of past persecution); *see also Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (discrimination and harassment did not rise to the level of persecution).

Petitioners do not challenge the BIA's conclusion that they waived review of the IJ's disfavored group and pattern and practice determinations, so we do not address these issues. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). Substantial evidence supports the agency's conclusion that petitioners failed to show a reasonable possibility of future persecution. *See Nagoulko*, 588 F.3d at 1018 (possibility of future persecution was "too speculative"). Because Moposita-Laminia failed to show eligibility for asylum, he failed to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021).

Thus, we deny the petition for review as to petitioners' asylum claims and

Moposita-Laminia's withholding of removal claim. In light of this disposition, we need not reach petitioners' remaining contentions regarding the merits of these claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT protection because Moposita-Laminia failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Ecuador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). Moposita-Laminia's contention that the agency should apply the "substantial grounds for believing" standard instead of the "more likely than not standard" for CAT protection is without merit. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001) (petitioner must satisfy "more likely than not" standard "whenever he or she presents evidence establishing 'substantial grounds for believing that he [or she] would be in danger of being subjected to torture' in the country of removal" (alteration in original)).

The motion to stay removal is denied.

**PETITION FOR REVIEW DENIED.**